IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCIS WHITLOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.   CIV-11-966-D |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT & RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (TR. ___). The parties have briefed their positions and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED for further administrative proceedings.**

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI alleging a disability beginning February 26, 2005 (TR. 12). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 62). Pursuant to Plaintiff's request, the Administrative Law

1

Judge (ALJ) held the first of two *de novo* hearings on August 6, 2007 (TR. 41-54). Plaintiff appeared with counsel and testified in support of the applications. The ALJ issued the first of two unfavorable decisions on October 24, 2007 (TR. 62-68). The Appeals Council granted Plaintiff's request for review on July 31, 2009, found that the ALJ's decision was not supported by substantial evidence, and remanded the case back to the ALJ (TR. 74-76).

The Appeals Council instructed the ALJ to grant Plaintiff a new hearing; to obtain evidence from a medical expert to clarify whether Plaintiff's impairment meets or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; to reconsider Plaintiff's residual functional capacity (RFC); to recontact medical sources for additional information or testing; to expand the record; and, if necessary, to obtain the testimony of a vocational expert (VE) to clarify the effect of the assessed limitations on the Plaintiff's occupational base (TR. 75).

On January 20, 2010, the ALJ held a second administrative hearing, as instructed by the Appeals Council. The hearing lasted five minutes and did not include the testimony of a medical expert to clarify whether Plaintiff's physical impairments meet or equal the severity of a listed impairment (TR. 26-31). Rather, the ALJ secured the testimony of a psychologist who testified only as to the nonseverity of Plaintiff's alleged depression. The ALJ issued his second unfavorable opinion on November 15, 2010 (TR. 12-20). The Appeals Council denied Plaintiff's request for review on July 1, 2011, and thus the second decision of the ALJ became the final decision of the Commissioner (TR. 1-5).

**STANDARD OF REVIEW**

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

**THE ADMINISTRATIVE DECISION**

In addressing the Plaintiff's disability applications, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2010 (TR. 14). The ALJ followed the sequential evaluation process required by agency

regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 26, 2005 (TR. 14). Proceeding to step two, the ALJ determined that Plaintiff has the following severe impairments: depression; disturbance of labyrinthine-vestibular function including vertigo and Meniere's disease; right hearing loss secondary to residual gunshot wound as a child; left hearing loss secondary to cholesteatoma[1], chronic mastoiditis,[2] and removal of the left tympanic membrane; diabetes; and hypertension (TR. 14-15). At step three, the ALJ found that the Plaintiff did not have impairments or combination of impairments which meet or equal any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 15).

> The ALJ next considered Plaintiff's RFC:
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; no climbing of ladders, ropes, or scaffolds; no exposure to concentrated loud noises; and no working at heights or around hazardous equipment

(TR. 16). After consulting the Dictionary of Occupational Titles (DOT), but without the testimony of a vocational expert (VE), the ALJ concluded at step four of the sequential evaluation that Plaintiff can perform his past relevant work (PRW) of patient care assistant, an occupation the ALJ concluded was semi-skilled work performed at the light to heavy

---

[1] "Cholesteatoma" is a benign, cyst-like mass which most commonly occurs in the middle ear and mastoid region. *Dorland's Pocket Medical Dictionary*, 23d Edition, (Philadelphia: W.B. Saunders Company, 1982).
[2] "Mastoiditis" is an infection of the mastoid bone of the skull located just behind the outside ear, manifesting in drainage from the ear and ear pain. *See MedlinePlus Medical Encyclopedia*, at http://www.nlm.nih.gov/medlineplus/ency/article/001034.htm

exertional levels (TR. 18). Alternatively, the ALJ found at step five of the sequential analysis that Plaintiff's limitations would "have little or no effect on the occupational base of unskilled [work] at all exertional levels" and that a "finding of 'not disabled' is therefore appropriate under the framework of the rules" (TR. 20).

## ISSUES PRESENTED

Plaintiff challenges the sufficiency of the medical evidence upon which the ALJ relied in making step two and step three determinations; in failing to state the weight given to any medical opinion; and the ALJ's failure to properly develop the record by ordering medical tests to determine whether Plaintiff's impairments meet or equal a listed impairment. Plaintiff further challenges the ALJ's credibility analysis.

## ANALYSIS

### I.  The ALJ's Consideration of Medical Evidence

In reviewing the first unfavorable decision submitted by the ALJ in this case, the Appeals Council found that the ALJ's decision that Plaintiff could return to his PRW was not supported by sufficient evidence (TR. 74). The Appeals Council noted the inadequacy of the ALJ's step-three discussion regarding Listing 2.07, 20 C.F.R. Part 404, Subpart P, Appendix 1, and directed the ALJ, upon remand, to "[o]btain evidence from a medical expert to clarify whether the claimant's impairment meets or equals the severity of a[] [Listed] impairment" (TR.75).

At the subsequent administrative hearing on January 20, 2010, the only testimony was that of John W. Heckman, Ph. D., who testified regarding Plaintiff's alleged depression (TR. 26-31). Dr. Heckman testified that Plaintiff suffered some depression

secondary to his medical problems, but stated that the record did not indicate the severity of the depression (TR. 29). Plaintiff's attorney was obviously surprised by the specialty and testimony of the ME, given the instructions to the ALJ by the Appeals Council, as evidenced by the following exchange with the ALJ:

> ALJ: Mr. Hale, anything from Dr.–Mr. Whitlock you want to present?
>
> ATTY: Your Honor, no. We honestly–we came in thinking that the ME might be in the form of a neuro or ear, nose, throat or something.
>
> ALJ: Yeah.
>
> ATTY: Because since the vertigo is the–the really the only disabling condition that Mr. Whitlock is claiming, you know, the–his testimony from the last time is already in the record transcribed and the medical records are up to date.
>
> ALJ: Okay.
>
> ATTY: And I still think that probably just for the benefit of the claimant and the court, an ME probably needs to address the issue regarding the vertigo and how it might affect from an RFC standpoint because we don't have anything really to satisfy Appeals Council purposes for an RFC.
>
> ALJ: Okay. So, and that's your position, the claimant's position here? All right.
>
> ATTY: That's correct.
>
> ALJ: At this time, I'll take the matter under advisement. The hearing is closed at 9:26. Thank you, sir and you're excused.

(TR. 30-31).

Ultimately, interrogatories were submitted to Dr. Herbert P. Reinhardt who is Board Certified in Internal Medicine. Dr. Reinhardt stated that, based on a review of the

medical evidence, Plaintiff's impairments corresponded to Listing 2.07, Disturbance of Labyrinthine-vestibular function (Meniere's Disease); 2.08, Hearing Impairments; and 9.08, Diabetes Mellitus (TR. 557). He stated that these medical conditions are supported by the medical evidence (TR. 557). In determining that Plaintiff has not demonstrated that he meets Listing 2.07, Dr. Reinhardt explained that the Listing requires objective "demonstration by caloric or other tests" (TR. 558).

Plaintiff contends that Dr. Reinhardt's answers to the interrogatories triggered the ALJ's duty to further develop the record. This point is well-taken. The Tenth Circuit has repeatedly noted that "[d]isability hearings are nonadversarial, . . . and the ALJ has a duty 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2007 (*quoting Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997)). "This duty to develop the record pertains even if the claimant is represented by counsel.'" *Id.* (*quoting Thompson v. Sullivan*, 987 F.2d 1482, 1492 (10th Cir. 1993). In this case, Plaintiff's attorney and the remand order of the Appeals Council both alerted the ALJ of the necessity of further development of the record. Plaintiff had testified at the first hearing that his almost constant vertigo prevented him from performing any work. Plaintiff's testimony raised a substantial issue, and the interrogatories completed by the ME pointed to the need for further development of the record. The ALJ's duty to order a consultative examination for objective testing was, therefore, apparent. *See Flaherty*, 515 F.3d at 1071; *Hawkins v. Chater*, 113 F.3d at 1167.

The ALJ's apparent misunderstanding of his duty to develop the record with

objective testing by a medical consultant requires reversal and remand of this case.

## II.  The ALJ's Credibility Assessment

In *Wilson v. Astrue*, 602 F.3d 1136 (10th Cir. 2010), the Tenth Circuit Court of Appeals restated the salient points a court must consider when reviewing credibility determinations:

> "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Secretary of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston [v. Bowen]*, 838 F.2d 1125, 1133 [(10th Cir. 1988)] (footnote omitted); *see also Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (ALJ "must articulate specific reasons for questioning the claimant's credibility" where subjective pain testimony is critical); *Williams [ex rel.] Williams v. Bowen*, 859 F.2d 255, 261 (2d Cir.1988) ("failure to make credibility findings regarding . . . critical testimony fatally undermines the [Commissioner's] argument that there is substantial evidence adequate to support [her] conclusion that claimant is not under a disability").

*Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (*quoting Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).  The Court also restated the process an ALJ should use in evaluating a claimant's subjective allegations of pain:

> The framework for the proper analysis of Claimant's evidence of pain is set out in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a 'loose nexus' between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Id.* at 1144-1145 (internal quotations and citations omitted).  In determining whether a claimant's subjective complaints are credible, the ALJ should consider such evidence as:

> The levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.

*Id.* at 1145 (internal quotation and citations omitted).

In this case, the Appeals Council determined that the ALJ erred in assessing Plaintiff's credibility (TR. 75). In his first decision, the ALJ discounted Plaintiff's credibility in part because Plaintiff does not regularly take medication for his vertigo and nausea, but the ALJ did not consider whether there are medications available that would alleviate these symptoms (TR. 65). In the decision under review before this Court, the ALJ again discounted Plaintiff's credibility based in part on the fact that Plaintiff does not take medication to alleviate the symptoms of vertigo and nausea caused by the disturbance of the labyrinthine-vestibular function in his right inner ear (TR. 17).  However, the ALJ erred for the second time in failing to determine whether any such medication is available. On remand, the ALJ should reconsider Plaintiff's credibility. Among other factors, the ALJ should determine whether medication is available that would control Plaintiff's symptoms of vertigo and nausea before discounting his credibility on this point.

The undersigned also notes that the ALJ appears to have ignored the recommendation of the Appeals Council that the ALJ obtain evidence from a VE to "clarify the effect of the assessed limitations on the claimant's occupational base", if such is

warranted by the expanded record (TR. 75). On remand the Commissioner should give careful consideration to obtaining VE testimony.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcripts of the administrative hearings, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial evidence and should be **REVERSED AND REMANDED for further administrative proceedings**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **September 4, 2012**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 15th day of August, 2012.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE