IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANCIS WHITLOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-966-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | | |

## ORDER

Before the Court is the Plaintiff's Application for Attorney Fees [Doc. No. 23 ] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA").  As Plaintiff correctly states, the EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims.  In this case, Plaintiff prevailed in her action against the Commissioner of the Social Security Administration, as the Court reversed the Commissioner's denial of Plaintiff's application for benefits and remanded the matter for further agency proceedings.  *See* September 13, 2012 Order [Doc. No. 21] and Judgment [Doc. No. 22]. As a "prevailing party" within the meaning of the EAJA, Plaintiff is entitled to an award of reasonable attorney fees.  *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

Plaintiff seeks an award of $4,941.60 in attorney fees and costs for the services performed in this case.  Plaintiff's counsel has submitted documentation reflecting the work performed and the time incurred for each service rendered to Plaintiff in this action. *See* Exhibit A to application. Defendant has filed a response to the application, and does not oppose the request or the amount of fees incurred.

The Court has reviewed the documentation submitted by Plaintiff and finds that the requested

fee of $4,941.60 represents a fair and reasonable fee for the work performed by Plaintiff's attorney in this case. The requested fee and applicable hourly rates are also consistent with Social Security regulations governing EAJA attorney fees.

As Defendant states, however, the EAJA fee must be paid directly to Plaintiff and not to her counsel. *Manning v. Astrue*, 510 F. 3d 1246, 1249-55 (10th Cir. 2007). Furthermore, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U. S. C. § 406(b), he must refund the smaller of the EAJA or the § 406(b) award to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

Accordingly, Plaintiff's Motion [Doc. 23] for approval of an EAJA attorney fee award in the amount of $4,941.60 is GRANTED. Defendant is directed to pay that amount directly to Plaintiff, in accordance with the requirements of EAJA and the Tenth Circuit Court of Appeals.

IT IS SO ORDERED this 18th day of September, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE